JOE MOLLEY, III, V. STATE.

No. 24391. June 1, 1949.
Rehearing Denied June 24, 1949.

*Bill Sexton,* Orange, and *Percy Foreman,* Houston, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of receiving and concealing stolen property over the value of $50.00 and sentenced to two years in the penitentiary.

The state's evidence was to the effect that the watch in question was stolen from the Gem Jewelry Store in Orange, Texas, by a Negro porter who was working there, and sold to appellant together with other articles not described. It is further disclosed that the sheriff and his deputies were investigating the theft of property from the Gem Jewelry Store and on the night of October 18th, 1948, he arrested Leo Brown. At the same time, acting under the authority of a search warrant, they search his home and his place of business known as the S. P. Grill. While

the search of this place was in progress the sheriff invited appellant to have a cup of coffee with him. While they were having their coffee together, appellant remarked on the arrest of Brown and the search of his premises and told the sheriff that he had the wrong man; that Leo Brown was not the guilty one. Appellant told the sheriff that he himself was the man who had been handling the watches; that he had been getting them from a traveling man and that he had one of the hot watches on. He pulled it off and gave it to the sheriff. That is the watch alleged to have been stolen and received by appellant. It appears that the sheriff had not suspicioned Molley up to this time, but began to ask him questions about his operations. Appellant proposed that if the sheriff would tell him what jewelry store was involved he would tell where he got the watch. The sheriff told him it was the Gem Jewelry Store and appellant then said that he was getting them from a Negro named Ralph. Some discussion about the name took place and then appellant started to take the officers to where the Negro lived who had sold him the watch. Along the way there his explanation sufficiently identified the place to the sheriff who proceeded with one deputy to the home of the Negro, but sent appellant with other deputies to the court house. Soon after the sheriff arrived at the designated place Robert Henderson, the janitor, came home and was taken in custody.

On the trial of the case this porter was a witness on behalf of the state and admitted the theft of the property and the sale of it to appellant. He told of the agreement to take merchandise from the store and sell it to appellant, which he did. He had worked for the Gem Jewelry Company about eight years; he was a porter, took care of the building, delivered packages, went to the post office, and did other chores. It is without question that he had access to the property both in and out of the vault.

A large part of the evidence in this case consists of the direct and cross-examination of witnesses identifying the watch delivered by appellant to the sheriff as one stolen from the Gem Jewelry Store in Orange on or about April 10th, 1948. Appellant attacks the sufficiency of this evidence. We have examined it carefully and find it to be amply sufficient to support the jury's verdict. The owners of the jewelry store, a family organization, had about four other stores. Among these, one at Port Arthur, where the manager of the store at Orange resided commuting from there to the place of business daily. Merchandise was frequently transferred from one store to another. The record discloses that the watch involved in this case, which is alleged and proved to be of the retail value of $225.00, was first billed from

the manufacturing company to the store at Port Arthur. On April 10, 1948, it was transferred to Orange by a process of billing and registration fully described by the evidence. Some of the blanks and some of the things usually done at the Orange store did not appear to have been completed in the instant case. Under the testimony of the manager of the business at Port Arthur, who was one of the older family members, it is likely that the theft of the watch on the day it arrived at Orange accounted for the failure of the insertion of some numbers.

We consider this all immaterial. The watch was positively identified and thus the evidence of the Negro porter, an accomplice witness, was corroborated. The witness Jacobs said, "Assuming that the watch did get to Orange on April 10th, 1948, it would be possible that it could be taken from the store before the clerk had a chance to enter it." He further said, "Even though we have no record of the watch disappearing from the Gem Jewelry Store in Orange, all the same it did disappear from there." Other witnesses gave evidence of equal importance. The statement of appellant to the sheriff herein above recited, under all of the circumstances of the case, sufficiently corroborates the evidence of the Negro Henderson.

Bill of Exception No. 3 complains of the argument made by the prosecuting attorney in discussing the consideration to be given to the evidence. This bill is deficient in that it fails to show that such quoted argument was not in reply to or invited by argument of defense counsel. The question has been so frequently discussed in recent months that we refrain from again citing authorities for our holding.

We find nothing further requiring consideration in this appeal. It is true that several parties testified that appellant had the watch long prior to April 10, 1948. The woman who managed the hotel owned by appellant gave a detailed statement of the time and manner in which appellant acquired this watch. The fact issue thus raised was properly presented to the jury in a charge to which no objection was made by appellant. The finding of the jury is conclusive on this court and the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing appellant again urges the in-

sufficiency of the evidence to corroborate the accomplice witness, Henderson.

The facts have been again examined in the light of this contention. We remain convinced of the correctness of the conclusion originally expressed.

The motion for rehearing is overruled.

Opinion approved by the court.